UNIONDALE BEER CO., INC., Plaintiff,

v.

ANHEUSER–BUSCH, INC., Miller Brewing Company, G. Heileman Brewing Company, Inc., the Stroh Brewery Company, and the New York State Beer Wholesalers Association, Inc., Boening Bros., Inc., d/b/a Union Beer Distributors, Midway Beverage Corp., and Reiter's Beer Distributors, Inc., for themselves and as representatives of the class of beer wholesalers with exclusive territory agreements, Defendants.

CUMBERLAND FARMS, INC., Plaintiff,

v.

ANHEUSER–BUSCH, INC., Miller Brewing Company, G. Heileman Brewing Company, Inc., the Stroh Brewery Company, Brewer Defendants,

and

The New York State Beer Wholesalers Association, Inc., Boening Bros., Inc., Jing Beer Distributors, Inc., d/b/a Union Beer Distributors, Midway Beverage Corp., and Reiter's Beer Distributors, Inc., for themselves and as representatives of the class of beer wholesalers with exclusive territory agreements, Wholesaler Defendants.

Nos. 86 CV 2400, 86 CV 2516.

United States District Court, E.D. New York.

Sept. 2, 1987.

 

Leonard W. Wagman, Golenbock and Barrell, New York City, for Midway Beverage Corp.

Ross Rhodes, Booth, Lipton & Lipton, c/o Parker, Chapin, Flattau & Kimbell, and David Bershad, Milberg Weiss Bershad Specthrie & Lerach, New York City, for Vasiliow Co., Inc. and Budd Beverages, Inc.

David Beckwith, Foley & Lardner, Milwaukee, Wis., Gary Hoppe, Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for G. Heileman Brewing Co., Inc.

Jerome I. Chapman, Arnold & Porter, Washington, D.C., Adeeb Fadel, Hunton & Williams, New York City, for Miller Brewing Company.

Peter E. Moll, Howrey & Simon, Washington, D.C., William Pelster, Skadden Arps Slate Meagher & Flom, New York City, for Anheuser-Busch, Inc.

Hugh Latimer, Pepper, Hamilton & Sheetz, Washington, D.C., J. Douglas Richards, O'Sullivan, Graev, Kasabell & Gross, New York City, for The Stroh Brewery Co.

Robert Abrams, Atty. Gen., State of New York, New York State Dept. of Law, New York City by Alan Pfeffer, for State of N.Y.

Ernest Gellhorn, Jones, Day, Reavis & Pogue, Washington, D.C., for N.Y. State Beer Wholesalers Ass'n.

Robert Getman, Kelley, Drye & Warren, New York City, for Boening Bros., Inc., and Jing Beer Distributors, Inc., d/b/a Union Beer Distributors.

Matthew Feigenbaum, Stein, Davidoff & Malito, New York City, for Reiters Beer Distributors, Inc.

Gerald J. Rodos, Barrack, Rodos & Bacine, Philadelphia, Pa., Charles van de Walle, Martin, van de Walle, Guarino & Donahue, Great Neck, N.Y., for Uniondale Beer Co., Inc.

Harold E. Kohn, Kohn, Savett, Klein & Graf, P.C., Philadelphia, Pa., Charles van de Walle, Martin, van de Walle, Guarino & Donahue, Great Neck, N.Y., for Cumberland Farms, Inc.

## MEMORANDUM AND ORDER

PLATT, District Judge.

This is a joint motion for class certification of a plaintiff class and a defendant class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

Plaintiffs, beer retailers, allege that the "brewer defendants"[1], the "franchised wholesaler" defendants[2], and the defendant trade association have engaged in a single horizontal conspiracy to increase the price of beer charged retailers in the State of New York. They assert that this conspiracy was implemented through the use of exclusive territory agreements and that this conspiracy constitutes a *per se* violation of the antitrust laws, Section 1 of the Sherman Antitrust Act. Memorandum in Support of Plaintiffs' Joint Motion for Class Certification of a Plaintiff Class at p. 4.

Plaintiffs seek certification of a plaintiff class described as "all retailers of beer in the State of New York who have, during the period of time covered by this Complaint, purchased beer directly from one or more of the defendants (including defendants' subsidiaries and affiliates)." Uniondale Complaint at ¶ 15(a); Cumberland Complaint at ¶ 16(a).

Plaintiffs also seek certification of a defendant class described as "all licensed beer distributors in the State of New York who, during the period of time covered by the Complaints, entered into agreements with either Anheuser-Busch, Inc., Miller Brewing Co., G. Heileman Brewing Co., Inc., or the Stroh Brewery Company, to distribute, within the State of New York, beer produced by any such brewer, which agreement provides for or designates an exclusive or primary territory within which such licensed beer distributor may sell the products of such Brewer." Notice of Motion at p. 2.

## CERTIFICATION OF A PLAINTIFF CLASS

We find that at this early stage of litigation plaintiffs have met their burden of establishing that the prerequisites of Rules 23(a) and 23(b)(3) are satisfied as to the proposed plaintiff class.

### Rule 23(a)

1. *Numerosity:* Plaintiffs assert that the plaintiff class, which would include taverns and grocery stores, numbers in the thousands. Where, as here, it is apparent that the members of the class would be very numerous, Rule 23(a)(1) is satisfied. *See In re Alcoholic Beverages Litigation,* 95 F.R.D. 321 (E.D.N.Y.1982).

2. *Common Questions of Law or Fact:* To recover treble damages in an antitrust suit plaintiffs must establish (a) a violation of the antitrust laws; (b) "impact" or "fact of damage" (causation); and (c) the amount of actual damage or injury. *Terrell v. Household Goods Carriers' Bureau,* 494 F.2d 16, 20 (5th Cir.), *cert. dismissed,* 419 U.S. 987, 95 S.Ct. 246, 42 L.Ed.2d 26.

Plaintiffs allege a conspiracy to increase the price of beer as the basis for the antitrust violation in this case. We find that common questions of fact exist as to the existence and scope of this alleged conspiracy. *See, e.g., In re Alcoholic Beverages Litigation,* 95 F.R.D. at 324 ("the very nature of the case—involving allegations of antitrust conspiracy among defendants—appears to insure that the commonality requirement is satisfied").

Plaintiffs further claim that they will show by common proof the fact of damage to the class members as a result of the conspiracy. The common proof will consist of evidence of a Statewide increase in the price of beer caused by the combination or conspiracy and resulting in some damage to each class member. The affidavit of an expert economist is provided in support thereof. *See* Aff. of Susan D. Wachter,

---

1. The named "brewer" defendants are Anheuser–Busch, Inc., Miller Brewing Company, G. Heileman Brewing Company, Inc., and the Stroh Brewery Company.

2. The named "franchised wholesaler" defendants are Boening Bros., Inc., Jing Beer Distributors, Inc., d/b/a Union Beer Distributors, Midway Beverage Corp. and Reiter's Beer Distributors, Inc.

Professor of Finance, Wharton School of the Univ. of Pa. As recognized in *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 455 (3d Cir.1977), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978):

> If, in this case, a nationwide conspiracy is proven, the result of which was to increase prices to a class of plaintiffs beyond the prices which would obtain in a competitive regime, an individual plaintiff could prove fact of damage simply by proving that the free market prices would be lower than the prices paid and that he made some purchases at the higher price. If the price structure in the industry is such that nationwide conspiratorially affected prices at the wholesale level fluctuated within a range which, though different in differing regions, was higher in all regions than the range which would have existed in all regions under competitive conditions, it would be clear that all members of the class suffered some damage, notwithstanding that there would be variations among all dealers as to the extent of their damage.

*Bogosian*, 561 F.2d at 455. *See also In re Independent Gasoline Antitrust Litigation*, 79 F.R.D. 552, 560–61 (D.Md.1978).

As we find that common issues exist as to proof of the antitrust violation and as to the "fact of damage" to the class as a whole Rule 23(a)(2) is satisfied.

3. *Typicality:* We find that plaintiffs' claim of a combination or conspiracy in violation of the antitrust laws is typical to all class members and proposed representatives. *See, e.g., In re Glassine and Greaseproof Paper Antitrust Litigation*, 88 F.R.D. 302, 304 (E.D.Pa.1980) (claims of plaintiffs are typical as claim is of injury by purchasing goods under artificial anticompetitive conditions caused by a conspiracy among defendants); *see also In re Master Key Antitrust Litigation*, 70 F.R.D. 23, 26 at n. 3 (D.Conn.), *appeal dismissed*, 528 F.2d 5 (2d Cir.1975).

4. *Adequacy of Representation:* Defendants dispute plaintiffs' adequacy to serve as class representatives. Although they apparently concede that the counsel retained by plaintiffs is adequate, they nonetheless assert that the interests of the proposed representatives are antagonistic to the interests of the class, that the named plaintiffs lack sufficient knowledge and understanding of the subject matter of the lawsuit, and that the plaintiffs' alleged misconduct in unrelated arenas prevents them from serving as adequate representatives in this class action.

We find no basis for defendants' allegations that the interests of the proposed representatives are antagonistic to the interests of the class. That the class members operate a variety of businesses and hold a variety of licenses does not alone create antagonistic interests concerning the subject matter of the litigation. Although in other spheres the interests of class members and the representatives may conflict, as to the subject matter of this lawsuit their interests appear co-extensive. In any event, if conflicting interests arise as the litigation progresses, the creation of subclasses may cure any such difficulty.

By the same token, any class member holding a different position on the benefits of the lawsuit or believing that its interests conflict with those of the named representatives may "opt out" pursuant to the provisions of Rule 23(c)(2).

Defendants' attempts to challenge plaintiffs' adequacy based on allegations of misconduct in unrelated actions are equally unpersuasive. Indeed, defendants' assertion that Uniondale Beer should be disqualified because it has allegedly had checks returned for insufficient funds underscores what already appears to be a "grasping at straws." Similarly, while Cumberland Farms may be a defendant in an unrelated lawsuit, certainly this does not vitiate the presumption of innocence. *See Leist v. Tamco Industries*, No. 80 Civ. 4439 (S.D. N.Y. Mar. 16, 1982). Cumberland's violation of a cease and desist order in an unrelated environmental action carried with it its own sanctions and does not preclude Cumberland from serving as an adequate representative here. *Id.*

Finally, we find from the evidence submitted that the named plaintiffs have a

sufficient knowledge and understanding of the lawsuit to indicate their interest and intent vigorously to prosecute it. As stated by the Honorable Leonard Wexler under similar circumstances:

> The law does not require the named plaintiff to possess an extensive knowledge of federal securities law ... or even complete familiarity with all of the particulars of the pending lawsuit. It is enough that the class representative is aware of the basic facts underlying the lawsuit as alleged in the complaint....

*Michaels v. Ambassador Group Inc.*, 110 F.R.D. 84, 90 (E.D.N.Y.1986) (citations omitted).

We have reviewed defendants' other objections and find them to be without merit. We, therefore, find that Rule 23(a)(4) is satisfied.

*Rule 23(b)(3)*

Rule 23(b)(3) mandates additional prerequisites for certifying a class. Movants must show not only that common questions of law or fact exist among class members, but also that such common questions predominate. Movants must also establish that a class action is superior to individualized actions.

In *The Package Shop, Inc. v. Anheuser–Busch, Inc.*, No. 83 Civ. 513 (D.N.J. Sept. 24, 1984) [Available on WESTLAW, DCT database], Judge Debevoise extensively analyzed the requirement that common issues predominate in connection with a similar class action certification motion involving alleged antitrust violations in the beer industry. We agree with Judge Debevoise's determination that common issues are likely to predominate where, as here, the complaint alleges a horizontal conspiracy entitled to treatment as a *per se* violation of the antitrust laws.[3] *See* Transcript of Proceedings on Class Certification Motion, *The Package Shop v. Anheuser–Busch*, No. 83 Civ. 513 (D.N.J. Feb. 5, 1985).

The existence and scope of the alleged horizontal conspiracy and the fact of damage to the class as a whole are common issues that predominate over the individual questions here presented. Defendants' contention that the fact of damage may not be proven on a common basis, and that therefore common issues do not predominate, is unpersuasive. *See supra* at pp. 342–343. This Court has stated that although "[a]llegations of an antitrust conspiracy are not alone sufficient to establish a preponderance of common questions," as a general rule, " 'an illegal price-fixing scheme presumptively impacts upon all purchasers of a price-fixed product in a conspiratorially affected market.' " *In re Alcoholic Beverages*, 95 F.R.D. at 327, *quoting In re Cement and Concrete Antitrust Litigation*, 1979–1 Trade Cases ¶ 62,-502 at p. 76,924 (D.Ariz.1979). We see no reason to depart from this general rule under the facts of this case.

Moreover, as plaintiffs need only establish by common proof that the alleged antitrust violation caused some damage to each class member, the fact of differing damages for each class member, ultimately requiring individualized proof, does not bar a finding that common questions predominate. *In re Alcoholic Beverages*, 95 F.R.D. at 327.

We also find that proceeding as a class is superior to the alternative of adjudicating potentially 35,000 individual litigations. Any class member desiring to control its own litigation may "opt out" or seek leave to intervene upon receiving proper notice. We do not believe that management of this action as a class action will prove unmanageable. *See Shelter Realty Corp. v. Allied Maintenance Corp.*, 75 F.R.D. 34, 38–39 (S.D.N.Y.1977), *appeal dismissed*, 574 F.2d 626 (2d Cir.1978).

As we find that plaintiffs have met the requisites of Rule 23 we direct that a plain-

---

**3.** In *Package Shop Inc. v. Anheuser–Busch, Inc.*, 83 Civ. 513 (D.N.J. Sept. 24, 1984) [Available on WESTLAW, DCT database], plaintiffs' motions for class certification on claims of vertical conspiracies were denied. The Court held that as the vertical claims required a rule of reason analysis, and thus a determination of whether the procompetitive effects of the agreements outweighed the anticompetitive effects within each local market, individual issues predominated over common ones. However, as proof of a horizontal conspiracy establishes a *per se* violation of the antitrust laws, no individualized inquiry as to each local market is necessary.

tiff class be certified. We further direct the plaintiff class representatives to submit a proposed form of notice to each class member for the Court's review.[4]

## CERTIFICATION OF A DEFENDANT CLASS

█ The same analysis heretofore applied to the plaintiff class is required to determine the propriety of certifying the defendant class. As we find, however, that the numerosity requirement of Rule 23(a) is not satisfied, the motion to certify a defendant class is denied.

Plaintiffs assert that the proposed class would consist of approximately 100 members. At oral argument on the motions plaintiffs virtually conceded that joinder of all defendants was practicable.[5] In light of such concessions, balanced against the seriousness of certifying such a class, the motion to certify a defendant class is denied. Although no formal motion to join the franchised wholesalers individually has been made by plaintiffs, joinder is clearly their intention if this motion is denied. The defendants urge that joinder is the preferable alternative and as such may not now be heard to object. Accordingly, leave is granted to join the additional franchised wholesaler defendants individually.

As plaintiffs have abandoned any claims based on vertical restraints, they are further directed to file amended complaints limited solely to their claims of antitrust conspiracy in accordance with their briefs in support of these motions and the foregoing.

SO ORDERED.

---

4. Under *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974), plaintiffs are required to give all class members the best notice practicable and are required to bear the costs of such notice.

5. At oral argument on January 28, 1987, counsel for plaintiffs indicated that "it really doesn't much matter whether we have a defendant class or not. We can easily name 124 defendants", Tr. 33, and serving all defendants would be "manageable." Tr. 34.