VASILIOW COMPANY, INC. and Budd Beverages, Inc., on behalf of themselves and as representatives of a class of all similarly situated independent beer distributors in the State of New York, Plaintiffs,

v.

and

No. 86 CV 3227.

United States District Court, E.D. New York.

Sept. 2, 1987.

---

Leonard W. Wagman, Golenbock and Barrell, New York City, for Midway Beverage Corp.

Ross Rhodes, Booth, Lipton & Lipton, c/o Parker, Chapin, Flattau & Kimbell, and David Bershad, Milberg Weiss Bershad Specthrie & Lerach, New York City, for Vasiliow Co., Inc. and Budd Beverages, Inc.

David Beckwith, Foley & Lardner, Milwaukee, Wis., and Gary Hoppe, Esq. Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for G. Heileman Brewing Co., Inc.

Jerome I. Chapman, Arnold & Porter, Washington, D.C., and Adeeb Fadel, Hunton & Williams, New York City, for Miller Brewing Co.

Peter E. Moll, Howrey & Simon, Washington, D.C., and William Pelster, Skadden Arps Slate Meagher & Flom, New York City, for Anheuser-Busch, Inc.

Hugh Latimer, Pepper, Hamilton & Sheetz, Washington, D.C., and J. Douglas Richards, O'Sullivan, Graev, Kasabell & Gross, New York City, for The Stroh Brewery Co.

Robert Abrams, Atty. Gen., State of N.Y., New York State Dept. of Law, New York City by Alan Pfeffer, for State of N.Y.

Ernest Gellhorn, Jones, Day, Reavis & Pogue, Washington, D.C., for N.Y. State Beer Wholesalers Ass'n.

Robert Getman, Kelley, Drye & Warren, New York City, for Boening Bros., Inc., and Jing Beer Distributors, Inc., d/b/a Union Beer Distributors.

Matthew Feigenbaum, Stein, Davidoff & Malito, New York City, for Reiters Beer Distributors, Inc.

Gerald J. Rodos, Barrack, Rodos & Bacine, Philadelphia, Pa., and Charles van de Walle, Martin, van de Walle, Guarino & Donahue, Great Neck, N.Y., for Uniondale Beer Co., Inc.

Harold E. Kohn, Kohn, Savett, Klein & Graf, P.C., Philadelphia, Pa., and Charles van de Walle, Martin, van de Walle, Guarino & Donahue, Great Neck, N.Y., for Cumberland Farms, Inc.

PLATT, District Judge.

This is a motion for class certification of a plaintiff and a defendant class as to both vertical and horizontal antitrust claims pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).[1] In the event the motion for certification of the defendant class is denied, plaintiffs

---

1. Plaintiffs also seek certification pursuant to Rule 23(b)(1) and (b)(2). However, as we find that these sections are not applicable to the case at bar we restrict our discussion to the applicability of Rule 23(b)(3).

move for leave to join additional defendants.

Plaintiffs in this action are independent wholesalers licensed to sell at wholesale beer throughout New York State. Memorandum in Support of Class Certification at p. 2. They have no contractual relationships with Anheuser-Busch, Inc., Miller Brewing Company, G. Heileman Brewing Co., Inc., or the Stroh Brewery Company ("brewer defendants") or with any other brewers. Plaintiffs must, therefore, purchase their beer directly or indirectly from beer wholesalers having contractual relationships with such brewers ("franchised wholesalers"). *Id.* at p. 2.

Plaintiffs allege that in 1982 the brewer defendants and franchised wholesalers began implementing a system of exclusive territory contracts that prohibit the franchised wholesalers from selling beer to any purchaser outside of a specified territory or to another wholesaler who would sell the beer in another territory. Plaintiffs further allege that before the institution of these exclusive territory agreements between the brewer defendants and the franchised wholesalers they were able to purchase beer from any franchised wholesaler in the State of New York. *Id.* at p. 2. Plaintiffs assert that independent wholesalers frequently purchased beer from distant franchised wholesalers and sold it to local retail customers, a practice known as "transshipping." They claim that before the institution of the exclusive territory agreements transshipped beer played an essential role in intra-brand competition by denying franchised wholesalers a local monopoly on their brand of beer. *Id.* at p. 2.

Plaintiffs contend that the purpose and effect of the exclusive territory agreements is to eliminate transshipping, thereby restraining competition and facilitating a conspiracy to increase the price of beer. *Id.* at pp. 2–3.

Plaintiffs' complaint asserts unlawful vertical restraints by virtue of the existence of the exclusive territory agreements and a horizontal conspiracy to fix the price of beer in New York State, both allegedly in violation of the antitrust laws.

The proposed plaintiff class is described as "all independent beer distributors in the State of New York who do not have a franchise from a Brewer." Amended Complaint at ¶ 19. The complaint asserts that there are over one thousand members of the proposed plaintiff class.

The defendant class consists of "all licensed beer distributors in the State of New York with franchises from the Brewers ('the Franchised Wholesalers')." Amended Complt. at ¶ 22. The complaint estimates that there are more than 100 members of the defendant class.

*Vasiliow Company, Inc.'s Standing to Assert this Claim*

■ As a threshold matter the Court must determine whether plaintiffs have standing to assert individually the claims for which they seek to serve as class representative. Defendants assert that Vasiliow Company, Inc. ("Vasiliow") lacks standing to sue for either injunctive relief or damages in this action. Defendants reason that Vasiliow's right to bring this action was transferred to another party when Vasiliow sold its business assets pursuant to an agreement signed January 7, 1985.

It is apparent that as Vasiliow ceased operations in 1983 it lacks standing to sue for the injunctive relief requested in the complaint. Moreover, as the contract for sale of Vasiliow's corporate assets indicated that Vasiliow agreed to sell all of its business assets, and as that contract of sale was consummated, it appears that Vasiliow sold its claim for damages as well. The contract does not exempt from the sale of assets this or any other cause of action. Accordingly, unless and until Vasiliow presents this Court with evidence that it in fact retained its right to prosecute this action, or submits an assignment to it of this claim, Vasiliow must be and hereby is dismissed as a party plaintiff.

*The Horizontal Claim*

*Plaintiff Class*

*Rule 23(a)*

■ 1. *Numerosity:* Plaintiffs allege that the proposed class will consist of 100

to 1,000 members. We find that this satisfies the numerosity requirement as joinder of 1,000 party plaintiffs would render prosecution of this action impracticable.

2. *Commonality and Typicality:* For substantially the reasons set forth in the companion cases *Uniondale Beer v. Anheuser-Busch,* and *Cumberland Farms v. Anheuser-Busch,* 117 F.R.D. 340 (E.D.N.Y.1987), we find that the commonality and typicality requirements of Rule 23(a) are satisfied.

3. *Adequacy of Representation:* As indicated above, Vasiliow is an improper representative as it lacks standing to assert the claims delineated in the complaint. As to Budd Beverages ("Budd"), the only opposition to their adequacy to act as class representatives stemmed from Anheuser-Busch's assertion of a trademark infringement counterclaim, allegedly creating antagonistic interests between Budd and the class members. However, as this counterclaim has been settled this argument is rendered moot. As we see no other impediment to Budd's ability to act as class representative we find that as to them Rule 23(a)(4) is satisfied.

*Rule 23(b)(3)*

For the reasons set forth in the companion cases *Uniondale Beer v. Anheuser-Busch* and *Cumberland Farms v. Anheuser-Busch, supra,* we find that the requirements of Rule 23(b)(3) as to predominance and superiority are satisfied. Accordingly, Budd's motion to certify a plaintiff class as to its horizontal antitrust claim is hereby granted.

*Defendant Class*

For the reasons set forth in the companion cases *Uniondale Beer v. Anheuser-Busch, supra, Cumberland Farms v. Anheuser-Busch, supra,* and, in part, *State of New York v. Anheuser-Busch,* 117 F.R.D. 349 (E.D.N.Y.1987), the motion to certify a defendant class on plaintiff's horizontal claim is denied. Plaintiff Budd's alternative motion to join each franchised wholesaler as a party defendant is granted.

*The Vertical Claim*

*Plaintiff Class*

*Rule 23(a)*

■ 1. *Numerosity:* As indicated above we find that joinder of all class members is impracticable.

2. *Commonality:* Defendants argue that the need to apply a rule of reason analysis to a vertical restraint case under *Continental T.V. Inc. v. GTE Sylvania, Inc.,* 433 U.S. 36, 97 S.Ct. 2549, 53 L.Ed.2d 568 (1977), precludes a finding of commonality of issues and, *a fortiori,* dictates against a granting of this motion. We disagree insofar as pertains to Rule 23(a)(2). Rule 23(a) requires only the presence of common issues, not a predominance of such. Here, as plaintiff must establish as a matter of common proof the existence and nature of the exclusive territory agreements, alleged to be virtually identical, Rule 23(a)(2) is satisfied.

3. *Typicality:* We find that the claims of the proposed representative are typical of the claims of the class members.

4. *Adequacy of Representation:* As indicated above we find that Budd Beverages is an adequate class representative.

*Rule 23(b)(3)*

*Predominance of Common Issues:* Defendants primarily oppose plaintiff's certification motion on the ground that common issues do not predominate. This claim springs from the need to apply a rule of reason analysis in a vertical restraint case. *See Continental T.V. Inc. v. GTE Sylvania, Inc., supra.* Defendants contend that New York is comprised of many local markets and that a rule of reason analysis will require an individualized study of each local market to determine whether an exclusive territory contract is reasonable or unreasonable within the context of that market. Proof of the reasonableness of a particular contract would thus involve individualized proof causing individual, rather than common, issues to predominate.

Plaintiff concedes that the rule of reason applies to its vertical restraint case but asserts that the relevant geographic mar-

ket for determining whether the restraints are reasonable is the State of New York as a whole. They contend that their existence as a class of arbitrageurs to transship beer across the State transforms what might otherwise be numerous local markets into one Statewide market. Plaintiff, therefore, claims that the balancing of the competitive effects of the contracts must be viewed in this Statewide context. Plaintiff further contends that the alleged systemic nature and impact of the exclusive territory/anti-transshipping contracts distinguishes the New York State market from the plethora of geographic markets believed to exist in the State of New Jersey in *The Package Shop v. Anheuser-Busch, Inc.*, 83 Civ. 513 (D.N.J. Sept. 25, 1984) [Available on WEST-LAW, DCT database], where no such class of transshippers was alleged to tie the market together as a whole.

Although plaintiff's theory of a State-wide market may have some merit, we are not yet persuaded that such a Statewide market in fact exists. We find that rather than certifying the plaintiff class at this early stage of litigation the better course is to deny this motion without prejudice to renewal if and when further discovery substantiates plaintiff's claim that but for the exclusive territory contracts extensive transshipping would occur Statewide and that the rule of reason analysis will be properly applied to only this one market. If, in fact, numerous local markets exist, individual questions would be sure to predominate precluding certification of this plaintiff class. Therefore, plaintiff's motion for class certification on its vertical claim is denied without prejudice to renew in accordance with the foregoing.

*Defendant Class*

For the lack of impracticability reasons set forth in the companion case *State of New York v. Anheuser-Busch*, 117 F.R. 349 (E.D.N.Y.1987), denying the State's motion for certification of a defendant class as to its vertical restraint claim, and for the reasons set forth above, plaintiff's motion for certification of a defendant class is denied. Plaintiff's alternative mo-

tion for joinder of each franchised wholesaler as a named defendant is granted.

SO ORDERED.