**STATE OF NEW YORK by Robert ABRAMS, Attorney General, Plaintiff,**

v.

**ANHEUSER–BUSCH, INC., Miller Brewing Company, G. Heileman Brewing Company, Inc., the Stroh Brewery Company, and the New York State Beer Wholesalers Association, Inc., Boening Bros., Inc., Jing Beer Distributor, Inc., d/b/a Union Beer Distributors, Midway Beverage Corp., and Reiter's Beer Distributors, Inc., for themselves and as representatives of the class of beer wholesalers with exclusive territory agreements, and John Doe 1–150, Defendants.**

No. 86 CV 2345.

United States District Court, E.D. New York.

Sept. 2, 1987.

**350**

Matthew Feigenbaum, Stein, Davidoff & Malito, New York City, for Reiters Beer Distributors, Inc.

Gerald J. Rodos, Barrack, Rodos & Bacine, Philadelphia, Pa., and Charles van de Walle, Martin, van de Walle, Guarino & Donahue, Great Neck, N.Y., for Uniondale Beer Co., Inc.

Harold E. Kohn, Kohn, Savett, Klein & Graf, P.C., Philadelphia, Pa., and Charles van de Walle, Martin, van de Walle, Guarino & Donahue, Great Neck, N.Y., for Cumberland Farms, Inc.

Hugh Latimer, Pepper, Hamilton & Sheetz, Washington, D.C., and J. Douglas Richards, O'Sullivan, Graev, Kasabell & Gross, New York City, for The Stroh Brewery Co.

Robert Abrams, Atty. Gen., of N.Y., New York State Dept. of Law, New York City, by Alan Pfeffer, for State of N.Y.

Ernest Gellhorn, Jones, Day, Reavis & Pogue, Washington, D.C., for N.Y. State Beer Wholesalers Assn.

Robert Getman, Kelley, Drye & Warren, New York City, for Boening Bros., Inc., and Jing Beer Distributors, Inc., d/b/a Union Beer Distributors.

Leonard W. Wagman, Golenbock and Barrell, New York City, for Midway Beverage Corp.

Ross Rhodes, Booth, Lipton & Lipton, c/o Parker, Chapin, Flattau & Kimbell, New York City, and David Bershad, Milberg Weiss Bershad Specthrie & Lerach, New York City, for Vasiliow Co., Inc. and Budd Beverages, Inc.

David Beckwith, Foley & Lardner, Milwaukee, Wis., and Gary Hoppe, Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for G. Heileman Brewing Co., Inc.

Jerome I. Chapman, Arnold & Porter, Washington, D.C., and Adeeb Fadel, Hunton & Williams, New York City, for Miller Brewing Co.

Peter E. Moll, Howrey & Simon, Washington, D.C., and William Pelster, Skadden Arps Slate Meagher & Flom, New York City, for Anheuser-Busch, Inc.

## MEMORANDUM AND ORDER

PLATT, District Judge.

This is a motion for class certification or, in the alternative, joinder in an action for alleged antitrust violations by members of the New York State beer industry.

The antitrust allegations arise out of a system of exclusive territory contracts entered into by defendants Anheuser-Busch, Inc., Miller Brewing Company, G. Heileman Brewing Company, Inc., and the Stroh Brewery Company (hereinafter referred to as "the brewers") and certain beer wholesalers (hereinafter referred to as "franchised wholesalers"). The exclusive territory agreements contain two crucial provisions. The first, a territorial exclusivity provision, allocates the franchised wholesalers an exclusive territory and prohibits such wholesaler from selling beer acquired from the brewer to any purchaser outside the allocated territory, except to another wholesaler franchised by that brewer, or with the brewer's approval, to a retailer in a territory not adequately served by another franchised wholesaler of that brewer. Memorandum in Support at p. 4. The second provision, the "anti-transshipping clause", bars the franchised wholesaler from selling the brewer's beer to a wholesaler who does not have a franchise agreement with the brewer and who would sell the beer to retailers outside the territory

allocated to that franchised wholesaler. Memorandum in Support at p. 4.

The State asserts two antitrust theories. Counts I and II of the complaint assert that the aforementioned agreements constitute illegal nonprice vertical restraints. Memorandum in Support at p. 6. Counts III and IV allege that the franchised wholesalers have engaged in a series of continuing horizontal combinations or conspiracies to eliminate competition and fix the price of beer sold in New York.

The present motion seeks certification as to Counts I and II of the complaint of a defendant class described as "all licensed beer wholesalers in the State of New York who have exclusive territorial agreements with Anheuser-Busch, Inc., Miller Brewing Company, G. Heileman Brewing Company, Inc. and the Stroh Brewery Company." State of New York Notice of Motion at p. 2. Alternatively, the State seeks leave to join each franchised wholesaler as a defendant in this action. State of New York Notice of Motion at p. 2.

Initially, on Counts III and IV of the complaint no class certification was sought. At oral argument, however, the State indicated that it would seek such certification. In a supplemental submission to the Court the State, labeling this aspect of its motion "tentative", defined the proposed class as "[a]ll licensed beer wholesalers in the State of New York with agreements with any brewers who have agreed among themselves to allocate territories for the sale of beer." Supplemental Memorandum at p. 3.

Class certification is sought pursuant to Fed.R.Civ.P. 23(a) and 23(b)(1), (b)(2) or (b)(3). For the reasons set forth below, the motions for class certification are denied and the motion for leave to join is granted.

*Rule 23(a)*

Rule 23(a) contemplates certification of defendant classes as well as plaintiff classes. *Northwestern National Bank of Minneapolis v. Fox & Co.*, 102 F.R.D. 507, 510 (S.D.N.Y.1984). The rule provides the following prerequisites to maintenance of a class action:

　1.　The class must be so numerous as to render joinder impracticable;

　2.　there must be questions of law or fact common to the entire class;

　3.　the claims or defenses of the representative parties must be typical of the claims or defenses of the class; and

　4.　the Court must determine that the representative parties will fairly and adequately protect the interests of the Class.

For purposes of class certification the Court may not inquire into the merits of the suit and, therefore, the only question is whether the requirements of Rule 23 are satisfied. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974).

*The Vertical Claim*

　■　The Courts have interpreted Rule 23(a)'s numerosity prerequisite as requiring that joinder be difficult and inconvenient; it is not necessary that joinder be impossible. *See, e.g., Korn v. Franchard Corp.*, 456 F.2d 1206, 1209 (2d Cir.1972). The State asserts that there are approximately 124 class members. Memorandum in Support at p. 11. The State further indicates that with the defendant brewer's cooperation it should be possible to identify and locate all class members and join them in this action. Memorandum in Support at p. 13.

Although we recognize that defendant classes of smaller size have been held to satisfy the numerosity requirement, we find that under the facts of this case joinder is not impracticable and is therefore preferable. We are particularly hesitant to certify a defendant class, where joinder appears practicable, due to the additional manageability and due process concerns raised by certification of such classes, *see Henson v. East Lincoln Township*, 814 F.2d 410 (7th Cir.1987), and where the State Attorney General's authority to investigate vertically imposed restraints under the Donnelly Act has been rejected. *See Anheuser-Busch, Inc. v. Abrams*, 126 A.D.2d 197, 512 N.Y.S.2d 802 (1st Dep't 1987). Although the Second Circuit has upheld certification of defendant classes even under Rule 23(b)(2) (the Rule we find most applicable here), *see Marcera v. Chin-*

*lund,* 595 F.2d 1231 (2d Cir.), *vacated on other grounds sub nom. Lombard v. Marcera,* 442 U.S. 915, 99 S.Ct. 2833, 61 L.Ed.2d 281 (1979) (district court directed to certify defendant class of 42 sheriffs), the circumstances there presented were quite different than those presently before the Court.

Therefore, although defendant classes smaller in size might properly be found in future cases to satisfy the numerosity requirement, in this case joinder is practicable. Accordingly, the motion to certify a defendant class on the vertical claims is denied and the motion to join each franchised wholesaler as a defendant is granted.

### *The Horizontal Claim*

#### *Numerosity*

█ As the State has not submitted formal motion papers in support of its "tentative" motion for class certification on Counts III and IV, the size of the proposed class is uncertain. In the companion cases *Uniondale v. Anheuser-Busch, Inc.* and *Cumberland Farms v. Anheuser-Busch, Inc.,* 117 F.R.D. 340 (E.D.N.Y.1987), however, a similar class is sought and the size of that class is estimated to consist of approximately 100 members. Uniondale and Cumberland Joint Memorandum in Support of Defendant Class Certification at p. 7.

Again we find under the facts here presented that joinder is practicable. Significantly, the State chose not to seek class certification on its horizontal claims until questioned by the Court on its failure to do so. The State indicated through its counsel that "it might be more efficient just to do it by adding John Does and as we became aware of the members of the conspiracy, we would just add them." Transcript of Oral Argument on Motions for Class Certification dated January 28, 1987, at p. 26.

Accordingly, the motion to certify a defendant class as to Counts III and IV is denied.

SO ORDERED.