**In re WIREBOUND BOXES ANTITRUST LITIGATION.**

**This document relates to: All Cases.**

**No. MDL–793.**

United States District Court,
D. Minnesota.

Oct. 17, 1989.

## MEMORANDUM OPINION AND ORDER 17

DIANA E. MURPHY, District Judge.

Plaintiffs in the actions joined in this litigation are purchasers of wirebound boxes. They allege in their unified and consolidated complaint a nationwide conspiracy among manufacturers of wirebound boxes. They assert that, between 1960 and 1988, defendants conspired to fix prices, allocate customers, and eliminate competition.

Pursuant to Rule 23, plaintiffs seek certification of a plaintiff class consisting of:

> All persons (including but not limited to individuals, proprietorships, partnerships, corporations, other business entities and governmental entities, but excluding defendants, their parents, subsidiaries and affiliates) who, at any time during the period January 1, 1960 through and including January, 1988, were customers of defendants for wirebound boxes in the United States.

Five plaintiffs are offered as class representatives: TCI, Inc., Collins, William Consalo & Sons, Inc., A. Lakin & Sons, Inc., and Cynba International, Inc.[1]

Plaintiffs have the burden of establishing that class action treatment is appropriate. *Smith v. Merchants & Farmers Bank,* 574 F.2d 982, 983 (8th Cir.1978). Plaintiffs seek certification pursuant to Rule 23(a) and (b)(3). To satisfy subsection (a), plaintiffs must show: (1) that the class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of those of the class; and (4) that the representative parties will fairly and adequately protect the interests of the class. Subsection (b)(3) provides:

> (b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> . . . .

---

1. Cynba International apparently misspelled its name in its individual complaint, Civ. 4–89–35; the spelling used by counsel is adopted by the court.

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

*Rule 23(a)*

■ Defendants [2] do not contest the first three prerequisites of Rule 23(a). It is apparent that the proposed class is sufficiently numerous and that common questions of law and fact exist. The court is also satisfied that the proposed class representatives meet the typicality requirement of Rule 23(a)(3). This provision requires that each representative's claims be sufficiently similar to those of the class to permit the court to conclude that (1) the representative will adequately protect the interests of the class and (2) there are no antagonistic interests between the representative and the class. *Hedges Enters. v. Continental Group, Inc.*, 81 F.R.D. 461, 465 (E.D.Pa.1979). While the representatives' claims are not coextensive with the allegations of the consolidated complaint, perfect identity is not required. *In re Screws Antitrust Litig.*, 91 F.R.D. 52, 56 (D.Mass. 1981). Each of the proposed representatives must prove the existence, scope, and impact of the alleged nationwide conspiracy in order to prevail on their claim. Each claim is therefore sufficiently similar to those of the class to satisfy the typicality requirement.

■ The fourth requirement of Rule 23(a) requires a finding that the representatives will "fairly and adequately protect the interests of the class." This prerequisite has two elements. First, the representatives and their attorneys must be able and willing to prosecute the action competently and vigorously. Second, each representative's interests must be sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge. *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 449 (3d Cir.1977), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978). The second element is related to the typicality requirement.

■ Defendants challenge the adequacy of the representatives on both grounds. While they do not contest the ability and experience of plaintiffs' counsel, defendants contend that these attorneys have devoted excessive energies battling for control of the litigation rather than pursuing the interests of the proposed class. Defendants also note the difficulty encountered in arranging for depositions of officers of Consalo and Lakin and question the dedication of these plaintiffs to the litigation. To the extent these arguments bear on the adequacy of plaintiffs as class representatives, they are unpersuasive in light of the vigorous prosecution of plaintiffs' case to date.

Defendants' primary objections to the adequacy of the representatives relate to the plaintiffs' differing interests. Defendants contend that the individual claims of each representative are too narrow. They assert that industrial wirebound boxes are distinct from agricultural, poultry, and seafood wirebound boxes (agricultural boxes) in a variety of ways, and they note that Collins and Consalo purchased only agricultural boxes while TCI, Lakin, and Cynba purchased only industrial boxes. They also note that Collins purchased boxes only after 1983 while Consalo, Lakin, and Cynba purchased boxes only prior to 1978, 1981, and 1983 respectively.

---

**2.** All but two of the defendants, Stone Container Corp. and Southwest Subsidiary Co. filed joint memoranda opposing plaintiffs' motion. Stone and Southwest did not respond to the motion.

Defendants further claim that some representatives are open to unique defenses. They assert that Consalo purchased boxes from two defendants at the same time and that this undercuts its claims of customer allocation; they assert that Cynba's claims may not have survived bankruptcy proceedings; and they assert that Lakin could not have suffered damages from the alleged conspiracy because it passed on the cost of the boxes it purchased to its customers.

Defendants do not point to any significant antagonism between the representatives and the class. To the extent the representatives' claims diverge from those of the proposed class, they do not create interests which conflict with those of the class. The fact that some representatives face additional defenses does not defeat their ability adequately to represent the class. Each representative's claims coincide sufficiently with those of the class to ensure vigorous pursuit of the litigation. Rule 23(a)(4) is therefore met.

*Rule 23(b)*

■ Before a class may be certified under Rule 23(b), two requirements must be met in addition to the prerequisites of Rule 23(a). Questions of law or fact common to the class must predominate over questions affecting only individual members, and a class action must be superior to other methods for adjudication of the controversy.

■ To prevail on their claims, plaintiffs must demonstrate (1) a violation of the antitrust law; (2) direct injury to the plaintiff from the violation; and (3) damages sustained by the plaintiff. *Windham v. American Brands, Inc.*, 565 F.2d 59, 65 (4th Cir.1977), *cert. denied*, 435 U.S. 968, 98 S.Ct. 1605, 56 L.Ed.2d 58 (1978). To recover on their claims beyond the four year statute of limitations, plaintiffs must demonstrate that the statute of limitations is tolled by defendants' fraudulent concealment. The parties dispute whether these elements will require primarily common or primarily individualized proof.

Plaintiffs have alleged a nationwide horizontal price-fixing conspiracy in violation of section 1 of the Sherman Act. Proof of such an antitrust violation involves primarily common issues of fact and law. *E.g., Mularkey v. Holsum Bakery, Inc.*, 120 F.R.D. 118, 122 (D.Ariz.1988); *Uniondale Beer Co. v. Anheuser-Busch, Inc.*, 117 F.R.D. 340, 344 (E.D.N.Y.1987).

To prove the fact of injury, plaintiffs need only show that they have suffered some damage flowing from the unlawful conspiracy. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 114 n. 9, 89 S.Ct. 1562, 1571 n. 9, 23 L.Ed.2d 129 (1969). Such a showing may be made on a class-wide basis if the evidence demonstrates that the conspiracy succeeded in increasing prices above the competitive level. *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 455 (3d Cir.1977), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978).

Defendants argue that the nature of the wirebound box industry precludes the use of class-wide proof to show the impact of any antitrust violation. They emphasize the differences between industrial boxes and agricultural boxes. They assert that industrial boxes are individually designed to meet the packaging needs of each customer while agricultural boxes are produced in standard sizes. They argue that different machines and employees are used to produce the two types of boxes and indicate that currently nearly all of the defendants produce only industrial boxes or only agricultural boxes. Defendants further indicate that disparities within the separate markets for industrial boxes and agricultural boxes raise numerous individual questions. They claim that the pricing procedures, costs of production, and markets for the boxes are localized and unique.

Plaintiffs assert that the fact of injury can be shown through proof common to the class. They argue that the defendants were fungible in that they each could have produced any type of wirebound box. Plaintiffs argue that their proof of the conspiracy will also show that competition was removed from the market and resulted in an overcharge to all wirebound box purchasers. They offer testimony of an economist indicating that a uniform minimum

level of inflation among all purchasers of wirebound boxes may be demonstrated.

Much of defendants' arguments relate more to the question of the amount of damages suffered by plaintiffs rather than the fact of injury. Common proof of impact is possible even though prices of industrial boxes are individually negotiated and prices of agricultural boxes are standardized. *See, e.g., In re Glassine and Greaseproof Paper Antitrust Litig.*, 88 F.R.D. 302, 306–07 (E.D.Pa.1980). Proof of impact typically follows from proof of a price-fixing conspiracy where the defendants are shown to have sufficient market power. *See Gentry v. C & D Oil Co.*, 102 F.R.D. 490, 495 (W.D.Ark.1984). In addition, plaintiffs propose to show the common impact of the alleged conspiracy through proof of price trends during and after the alleged conspiracy. The question therefore involves questions common to the class. *Uniondale Beer Co.*, 117 F.R.D. at 344.

The amount of damages largely involves individualized questions. This is typically true in antitrust class actions, however, and does not preclude certification. *Bogosian*, 561 F.2d at 456.

The parties also dispute whether the issue of fraudulent concealment involves primarily common or individualized questions. Plaintiffs state that the existence of fraudulent concealment by defendants is an issue common to the entire class. Defendants, on the other hand, assert that some plaintiffs will be required to show that, despite the exercise of due diligence, they failed to discover the facts underlying their cause of action. Defendants argue that this will require individual proof by each such plaintiff.

Defendants have not shown that the due diligence requirement was triggered for all or any particular portion of the class. In addition, they have made only a minimal showing that the issue arises with regard to the named plaintiffs. Accordingly, the extent of the due diligence inquiry is limited. Proof of defendants' fraudulent concealment, however, will involve issues common to most of the class.

Questions common to the class pervade the issues of the existence of the conspiracy, the fact of injury, and the defendants' fraudulent concealment. These common questions predominate. Because of these common issues and the large number of potential claimants, a class action is superior to other available methods of resolving this controversy. Accordingly, plaintiffs satisfy the requirements of Rule 23(b)(3), and their motion for class certification should be granted.

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Plaintiffs' joint motion for class certification is granted and the following class is certified:

All persons (including but not limited to individuals, proprietorships, partnerships, corporations, other business entities and governmental entities, but excluding defendants, their parents, subsidiaries and affiliates) who, at any time during the period January 1, 1960 through and including January, 1988, were customers of defendants for wirebound boxes in the United States.

2. Plaintiffs shall submit to the court by October 31, 1989 a proposed form of notice to be sent to the class and a proposed schedule for sending it.

3. The individual motions for class certification in the following actions are dismissed as moot:

a. *TCI, Inc. v. General Box Co.*, Civ. 4–88–771.

b. *Collins v. Great American Wirebound Box Co.*, Civ. 4–88–1093 (revised motion).

c. *William Consalo & Sons v. Great American Wirebound Box Co.*, Civ. 4–88–1094 (revised motion).

d. *A. Lakin & Sons, Inc. v. General Box Co.*, Civ. 4–89–1.

4. The individual motions for preliminary approval of settlement in the following actions are dismissed as moot due to this court's order of October 3, 1989:

a. *Collins v. Great American Wirebound Box Co.*, Civ. 4–88–1093.

b. *William Consalo & Sons v. Great American Wirebound Box Co.*, Civ. 4–88–1094.