Bernard McKAY, on behalf of himself, individually, and on behalf of all others similarly situated, Plaintiff,

v.

Gary D. THARALDSON, Defendant,

and

Tharaldson Motels, Inc. Employee Stock Ownership Plan, Nominal Defendant.

No. 3:08–cv–113.

United States District Court, D. North Dakota, Southeastern Division.

March 31, 2011.

**466**

R. Joseph Barton (argued), Bruce F. Rinaldi, Robyn Swanson, Cohen Milstein Sellers & Toll PLLC (Washington DC); Marc Machiz, Cohen Milstein Sellers & Toll PLLC (Philadelphia PA) and Alan Baker, Solberg Law (Fargo ND), for Plaintiff Bernard McKay.

Casie Collignon (argued): Paul S. Encokson, John B. Moorhead, Baker Hostetler (Denver CO) and Michael S. Raum, Vogel Law (Fargo ND), for Defendant Gary D. Tharaldson.

Kristy L. Albrecht (Fargo ND), for Nominal Defendant TMI ESOP.

## ORDER ON MOTION FOR CLASS CERTIFICATION

RALPH R. ERICKSON, Chief Judge.

Before the Court is Plaintiff Bernard McKay's Motion for Class Certification (Doc. # 36). Class member Roy Blassingame joins in the motion and is willing to also serve as class representative (Doc. # 41). Defendant Gary Tharaldson opposes the motion contending that both proposed class representatives are inadequate (Doc. # 68). This matter came regularly on for a hearing on March 14, 2011. The Court, having carefully considered the arguments of the parties, now issues this memorandum opinion and order.

### *SUMMARY OF DECISION*

Plaintiff claims that Gary Tharaldson breached his fiduciary duties by permitting payments of approximately $4 million from corporate assets to his former wife for "unnecessary" and "worthless" consulting services. The claims involve alleged losses to employees' retirement accounts over a number of years. The claims meet the elements of numerosity, commonality, and typicality required for class certification. Proposed class representative Bernard McKay can adequately represent the class and proposed class counsel from the law firm of Cohen Milstein Sellers & Toll PLLC are qualified and experienced to conduct the litigation. Thus, all of the elements under Fed.R.Civ.P. 23(a) have been met, and this action is properly certifiable as a class action under Rule 23(b)(1). Roy Blassingame's motion for joinder and to be appointed as additional class representative is denied as the Court finds Mr. McKay is an adequate class representative.

### *FACTUAL BACKGROUND*

This is an action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. § 1001, et seq. (Doc. # 1, Complaint). Plaintiff seeks to bring claims on his own behalf and on behalf of current and former employ-

ees of Tharaldson Motels, Inc. ("TMI") who were participants in the Tharaldson Motels, Inc. Employee Stock Ownership Plan (the "ESOP"). *Id.* at ¶ 1.

Plaintiff alleges Gary Tharaldson, in his role as the sole director, president, and chief executive officer of TMI, breached his corporate fiduciary duties by directing payment for his former wife Linda Tharaldson's consulting services for TMI and related entities (Doc. # 1, Complaint ¶ 22). Ms. Tharaldson is alleged to have received approximately $40,000 per month from 1998 until 2007 for a total amount of nearly $4 million. *Id.* at ¶¶ 18–20. Plaintiff contends the money paid from TMI assets to Ms. Tharaldson was for "unnecessary and worthless marketing and sales consulting services which were never performed and were of no value to TMI or its affiliate." *Id.* Plaintiffs thus claim that Gary Tharaldson dissipated and wasted corporate assets.

Plaintiff also alleges Gary Tharaldson, as trustee of the ESOP, breached his fiduciary duties under ERISA by not bringing a derivative action on behalf of the ESOP against himself in his corporate capacity. *Id.* at ¶¶ 24–28. According to Plaintiff, the failure to bring such a lawsuit resulted in a diminution of the value of the stock held by TMI and a diminution in the value of the participants' ESOP accounts. The complaint seeks to recover losses to the ESOP resulting from Gary Tharaldson's alleged fiduciary breaches. As pled, any recovery would go to the ESOP to be allocated to ESOP participants.

### ANALYSIS

▪ The party seeking class certification bears the burden of meeting the requirements of Fed.R.Civ.P. 23. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir.1994). Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Further, in order to be certifiable as a class action, one of the subsections under Rule 23(b) must also be met. Plaintiff asserts certification is proper under Rule 23(b)(1) or alternatively under Rule 23(b)(3).

Defendant Gary Tharaldson does not challenge the first three requirements set forth in Rule 23(a). Upon reviewing the allegations and claims, the Court finds the requirements of numerosity, commonality, and typicality are met in Tharaldson opposes class certification on the basis that the proposed class representatives are inadequate. Tharaldson believes they lack independent knowledge of their claims and are "nothing more than superfluous and inappropriate placeholders for the lawyers in this case." (Doc. # 68, response in opposition to class certification, p. 15).

▪ When deciding whether a proposed class representative will adequately represent the class, a court must balance "the convenience of maintaining a class action and the need to guarantee adequate representation to the class members." *Wright v. Stone Container Corp.*, 524 F.2d 1058, 1061 (8th Cir.1975). The focus of the adequacy requirement set forth in Rule 23(a)(4) is on whether (1) the class representatives have common interests with class members, and (2) whether the class representatives will vigorously prosecute the interests of the other class members through qualified counsel. *Paxton v. Union Nat. Bank*, 688 F.2d 552, 562–63 (8th Cir.1982). Adequacy of representation bears close scrutiny because the purpose of the requirement is "to ensure due process for absent class members, who generally are bound by a judgment rendered in a class action." *Rattray v. Woodbury County, IA*, 614 F.3d 831, 835 (8th Cir.2010).

▪ Plaintiff alleges that Linda Tharaldson's consulting services for TMI and related entities, which resulted in payments of $40,000 per month from 1998 to 2007, were

"unnecessary" and "worthless." It is apparent that Plaintiff Bernard McKay, as the primary proposed class representative, shares the other class members' interest in procuring recovery for the benefit of the ESOP participants. There is no indication that his interest in procuring monetary relief to be allocated to ESOP participants will be at the expense of the other class members or will, in any other way, be antagonistic to the class's interests.

Contrary to Tharaldson's assertions, class certification is not to be denied merely because a proposed class representative does not have independent knowledge of all the facts and legal claims alleged in the suit. *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 62 (2d Cir.2000) (citing *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 370–74, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966)). The Court has reviewed the deposition testimony of Bernard McKay and finds he understands the nature of the suit, his role as class representative, and can meaningfully assist the lawyers in the case. Even if McKay acquired greater understanding of the issues in this case through consulting with counsel, this is consistent with the role of the attorney in advising his or her clients as to legal rights and remedies. The Court finds McKay has meet his burden of demonstrating he is an adequate class representative under Fed.R.Civ.P. 23(a)(4). *In re GenesisIntermedia, Inc. Securities Litigation*, 232 F.R.D. 321, 331 (D.Minn.2005) (finding plaintiff made the required minimal showing of adequacy even though he did not demonstrate a deep understanding of this action when deposed and did not indicate a strong desire to participate in the decision-making process).

■ Moreover, although Rule 23 naturally involves considerations of what the parties must prove, class certification is not the time to address the merits of the parties' claims or defenses. *Elizabeth M. v. Montenez*, 458 F.3d 779, 786 (8th Cir.2006). Tharaldson claims that the proposed class representatives are subject to "unique defenses." He asserts that McKay's "unique" knowledge of Linda Tharaldson's work at TMI is important for statute of limitations and laches purposes.

■ "A proposed class representative is not adequate or typical if it is subject to a unique defense that threatens to play a major role in the litigation." *In re Milk Products Antitrust Litigation*, 195 F.3d 430, 437 (8th Cir.1999). After reviewing the evidence presented at this stage in the proceedings, the Court finds Tharaldson has failed to establish he has a unique cognizable defense against McKay that threatens to become the focus of the litigation such that class certification is inappropriate. Tharaldson merely raises an issue with regard to those class members that have brought claims within the limitations period. If it turns out that Tharaldson has a valid statute of limitations or laches defense against certain class members, the definition of the class can be modified at that time.

The experience and capability of the representative counsel bears upon the adequacy of the representation. *Rattray*, 614 F.3d at 836. Tharaldson has not challenged the qualification of counsel to prosecute this action as class counsel. The Court has reviewed the qualifications of the proposed lawyers in the Cohen Milstein Sellers & Toll PLLC law firm and finds they are experienced and competent to conduct this litigation.

■ Having found the adequacy prong is met, the Court turns to the requirements under Fed.R.Civ.P. 23(b). Fed.R.Civ.P. 23(b)(1) provides:

(1) prosecuting separate actions by or against individual class members would create a risk of:

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substan-

tially impair or impede their ability to protect their interests;

Tharaldson has not challenged the assertion that certification is appropriate under Rule 23(b)(1) in order to avoid inconsistent or varying adjudications. As noted preciously by this Court in *Hans,* breach of fiduciary claims under ERISA are "paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class." *In re Schering Plough Corp. ERISA Litigation,* 589 F.3d 585, 604 (3d Cir.2009). Certification under Rule 23(b)(1) is appropriate in this case to ensure the rights of all ESOP participants are similarly protected and any defenses to the claims are consistently decided.

### DECISION

Having determined all of the elements are met for class certification, the Court **GRANTS** Plaintiff Bernard McKay's motion to certify this lawsuit as a class action (Doc. # 36). The Court hereby certifies the following class:

> All persons who were participants of the Tharaldson Motels, Inc. ("TMI"), Employee Stock Ownership Plan (the "TMI ESOP" or the "Plan") at any time from December 30, 1998 to the present and who received an allocation of Plan assets to their accounts which they did not subsequently forfeit under the terms of the Plan and the beneficiaries of such participants.[1]

Bernard McKay is hereby appointed to serve as class representative, and the law firm of Cohen Milstein Sellers & Toll PLLC is appointed counsel for the class.

The same concerns underlying this Court's decision to certify a subclass of current employees and a subclass of former employees in the related *Hans v. Tharaldson* case, Case No. 3:05–cv–115 are not present in this action. This lawsuit does not have the same potential to interfere with TMI's operations. There is not the same potential conflicting interests among the current employees and former employees. Moreover, to the extent that this litigation might impact the sale of

TMI, the amount of alleged loss is definite and can be adequately addressed during negotiations regarding a potential sale. The Court, therefore, finds it is unnecessary to certify more than one class. The Court further finds Mr. McKay can adequately represent the interests of the entire class. Roy Blassingame's motion to be appointed class representative is **DENIED** (Doc. # 41). He may, however, move to intervene in this action if he wishes. He is currently involved in this case only as "an interested party" in order to allow him to receive electronic notice of the pleadings.

**IT IS SO ORDERED.**

---

1. The following persons should be excluded from the class: Defendant Gary Tharaldson, Linda Tharaldson, and any person who is or was a fiduciary of the TMI ESOP (including the TMI Board) from August 29, 2006 to the present, members of their family, their legal representatives, heirs, successors or assigns of any such excluded party.