Linda HANEY, Margaret Smith, Beulah Siver, Mary Jo Ring, Mary Jane Comstock, Yolanda Curry, and Geraldine Garrett on behalf of themselves and all others similarly situated, Plaintiffs

v.

The RECALL CENTER, Defendant.

No. 10–CV–04003.

United States District Court, W.D. Arkansas, El Dorado Division.

May 9, 2012.

Bruce A. Flint, Flint & Soyars, L.L.P., Texarkana, TX, Thomas Matthew Corea, The Corea Firm PLLC, Dallas, TX, for Plaintiffs.

Helen Mac Murray, Mac Murray Petersen Shuster, New Albany, OH, Jeffrey W. Hatfield, Mitchell, Williams, Selig, Gates & Woodyard, Little Rock, AR, for Defendant.

## ORDER

SUSAN O. HICKEY, District Judge.

Before the Court is the Plaintiffs' Motion for Class Certification. (ECF No. 34). The Defendant has responded in opposition (ECF No. 36), and the matter is ripe for consideration. For the following reasons, the motion will be granted.

## BACKGROUND

This case arises out of the gathering of personal information, about the Plaintiffs and others, from the state of Arkansas's motor-vehicle-records database. Disclosure and obtainment of personal information from motor-vehicle records is governed by the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 *et seq.*, which makes illegal the disclosure or obtainment of personal information in certain situations. The Plaintiffs allege that the Defendant, The Recall Center ("TRC"), obtained—by purchase—personal information about the Plaintiffs from Arkansas's motor-vehicle-records database in violation of the DPPA. TRC admits that it purchased Arkansas's motor-vehicle-records database under a contract with the state, but contends that it had a proper purpose for each item of information purchased.

The Plaintiffs seek various statutory damages under the DPPA, and have asked the Court to certify their case as a class-action. TRC opposes certification.

## THE PROPOSED CLASS

The Plaintiffs define their proposed class as:

Each and every individual whose name, address, driver identification number, race and/or date of birth and/or sex are contained in motor vehicle records obtained by the Defendant from the State of Arkansas,

without the express consent of such individuals, from June 1, 2000, through the date of judgment herein.

Excluded from the class are persons who have expressly authorized the State of Arkansas to provide third parties with their "personal information" for any purpose; those persons whose information was obtained for a permissible purpose defined by the DPPA; all employees, including, but not limited to, Judges, Magistrate Judges, clerks and court staff and personnel of the United States District Courts, the United States Court of Appeals and the United States Supreme Court; their spouses and any minor children living in their households and other persons within a third degree of relationship to any such Federal Judge; and finally, the entire jury venire called to for jury service in relation to this lawsuit. (ECF No. 35).

According to the Plaintiffs, this proposed class consists of approximately two-million individuals. The practical bounds of the proposed class are every individual who has been issued an Arkansas driver's license, or who has registered a motor vehicle with the state, as of the date TRC purchased Arkansas's database.

The Court, however, redefines the class to reflect the four-year statute of limitations for federal actions that aren't governed by other specific statutory language. 28 U.S.C. § 1658(a) (2006). The Plaintiffs filed their complaint on January 14, 2010. (ECF No. 1). Thus, the class definition now is:

Each and every individual whose name, address, driver identification number, race and/or date of birth and/or sex are contained in motor vehicle records obtained by the Defendant from the State of Arkansas, without the express consent of such individuals, from January 14, 2006, through the date of judgment herein.

Excluded from the class are persons who have expressly authorized the State of Arkansas to provide third parties with their "personal information" for any purpose; those persons whose information was obtained for a permissible purpose defined by the DPPA; all employees, including, but not limited to, Judges, Magistrate

Judges, clerks and court staff and personnel of the United States District Courts, the United States Court of Appeals and the United States Supreme Court; their spouses and any minor children living in their households and other persons within a third degree of relationship to any such Federal Judge; and finally, the entire jury venire called to for jury service in relation to this lawsuit.

## APPLICABLE LAW

Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure. The decision whether to certify a class action is within the broad discretion of the district court. *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 436 (8th Cir.1999). In determining whether to certify a class action, "the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) (internal citations omitted). Thus, while the Court must conduct a rigorous analysis, *see Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), class certification is a procedural determination and should not include an inquiry into the merits of the plaintiffs' claims. *Eisen*, 417 U.S. at 177–78, 94 S.Ct. 2140. The plaintiff moving for class certification has the burden of showing that the requirements of Rule 23 are met. *Coleman v. Watt*, 40 F.3d 255, 259 (8th Cir.1994).

In order to be certified under Rule 23, the class must satisfy the four requirements of Rule 23(a). *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1119 (8th Cir.2005). These requirements are met if: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). These requirements for class certification under Rule 23(a) are commonly referred to as "numerosity,

commonality, typicality, and adequacy of representation." *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980).

Once Rule 23(a)'s requirements are met, the class must also show that it meets the definition of at least one type of class under Rule 23(b). *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1029 (8th Cir.2010). Moreover, in addition to the literal Rule 23 requirements, many courts recognize two initial "implicit" requirements of Rule 23. First, the class definition must be drafted in such a way as to ensure that membership is ascertainable by some objective standard. And second, the class representatives must be members of the proposed class. *See In re Teflon Prods. Liab. Litig.*, 254 F.R.D. 354, 360 (S.D.Iowa 2008).

## DISCUSSION

### Implicit Requirements of Rule 23

The first implicit requirement of Rule 23 is that the class definition enable the Court to determine objectively who is in the class, and thus, who is bound by the ruling. *Dumas v. Albers Med., Inc.*, 2005 WL 2172030, at *5 (W.D.Mo. Sept. 7, 2005). This ensures that those "actually harmed by the defendant's conduct will be the recipients of the relief eventually provided." *Id.* (*quoting In re PPA Prod. Liab. Litig.*, 214 F.R.D. 614, 617 (W.D.Wash.2003)). In order to accomplish this, the Court should not have to engage in lengthy, individualized inquiries in order to identify members of the class. *Id.* (*citing Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981)).

In this case, class membership is readily ascertainable without individualized inquiries into the circumstances of each proposed class member. The class is easily defined as those whose personal information was contained in Arkansas's motor-vehicle-records database between January 14, 2006 and the date TRC purchased the entire database.[1]

The second implicit requirement of Rule 23 is that the class representatives are in fact members of the proposed class. In this case, each class representative has an Arkansas driver's license and owns a motor vehicle registered in Arkansas. Each representative thus has personal information contained in Arkansas's motor-vehicle-records database. *See* 18 U.S.C. § 2725 (2006).

### Literal Requirements of Rule 23(a)

#### 1. *Numerosity*

The first requirement under Rule 23(a) is that the class must be "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). Although no arbitrary rules regarding class size have been established, the plaintiff bears the burden of establishing that numerosity does exist. *Belles v. Schweiker*, 720 F.2d 509, 515 (8th Cir. 1983). A number of factors are relevant to this inquiry, the most obvious being the number of persons in the proposed class. In addition to the size of the class, the court may also consider such factors as the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members. *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559–60 (8th Cir.1982).

To establish numerosity, a plaintiff need not show the exact number of potential class members—a reasonable, good-faith estimate is sufficient to satisfy the requirement when assessing the exact number is difficult. *Spencer v. White*, No. 5:08–cv–00235 BSM, 2009 WL 3211022, at *3 (E.D.Ark. Sept. 30, 2009).

■ In this case, the Plaintiffs have provided a reasonable, good-faith estimate of the class size, based on the number of licensed drivers and registered motor-vehicles in Arkansas. There are conceivably two-million class members. Joining this many individual class members would be very difficult, and it

---

1. Though the Plaintiffs contend that TRC's wrongful obtainment consists in *one* transaction with the state of Arkansas, they also contend that TRC continues to obtain information wrongfully through "periodic updates" of the database. (ECF No. 35). These contentions are potentially at odds with each other, but if the Plaintiffs prove that TRC has engaged in continuing obtainment, the class would also include any individuals whose information was obtained through an update of the database.

would be highly inconvenient to try that many claims separately. Therefore, the Plaintiffs' proposed class meets the numerosity requirement of Rule 23(a).

### 2. *Commonality*

The second requirement for class certification under Rule 23(a) is that "questions of law or fact common to the class" must be present. Fed.R.Civ.P. 23(a)(2). The commonality requirement does not require that every question of law or fact be common to every class member. *Paxton v. Union Nat'l Bank,* 688 F.2d 552, 561 (8th Cir.1982). It may be satisfied when the legal question uniting the class members is substantially related to the resolution of the case. *DeBoer v. Mellon Mortg. Co.,* 64 F.3d 1171, 1174 (8th Cir.1995).

■ In this case, TRC contends that there is no commonality for two reasons: 1) each individual obtainment requires its own inquiry about what information was obtained and how, and whether a permissible use applied under the statute; and 2) each DPPA claim requires proof of actual injury, which requires an individual factual inquiry.

In response to TRC's first objection, the Court notes that the same factual and legal questions are common to all class members: what information did TRC obtain, and how; and did TRC have a permissible purpose for obtaining the information. *See Johnson v. West Publ'g Corp.,* 2011 WL 3490187, at *5 (W.D.Mo. Aug. 9, 2011) (finding that DPPA defendant's method of obtaining and selling putative class members' data is a common question of fact). The fact that the answers to these questions might vary as to each member does not mean the questions are not transparently common to the class. Rule 23(a) requires common *questions,* not common *answers.*

In response to TRC's second objection, the Court notes that, while the question has not been widely settled, current case-law does not interpret the DPPA to require proof of actual damages before a recovery for statutory damages is allowed. *See Kehoe v. Fidelity Fed. Bank and Trust,* 421 F.3d 1209, 1212 (11th Cir.2005) (a plaintiff need not prove actual damages to recover remedies under the DPPA); *Pichler v. UNITE,* 542 F.3d 380, 400 (3rd Cir.2008) (DPPA does not to require proof of actual damages to recover its other remedies).

Because this case involves questions of fact and law common to all class members, the Court finds that the commonality requirement of Rule 23(a) has been met.

### 3. *Typicality*

The third requirement under Rule 23(a) is that the claim or defense of the representative party be typical of the claims or defenses of the class. Fed.R.Civ.P. 23(a)(3). Typicality requires that other members of the class have the same or similar grievance as the plaintiff. *Alpern v. UtiliCorp United, Inc.,* 84 F.3d 1525, 1540 (8th Cir.1996). This requirement is intended to determine whether the class representatives' claim and the class claims are sufficiently related that the class members' interests will be adequately protected in their absence. *In re Milk Prods. Antitrust Litig.,* 195 F.3d 430, 436 (8th Cir.1999).

In general, typicality is established if the claims of all the class members arise from the same event or course of conduct, or are based on the same legal theory. *Paxton v. Union Nat'l Bank,* 688 F.2d 552, 561–62 (8th Cir.1982). If the claims arise from the same event or conduct, or are based on the same legal theory, then slight factual variations in the individual claims will not normally preclude class certification. *Alpern v. UtiliCorp United, Inc.,* 84 F.3d 1525, 1540 (8th Cir.1996).

■ In this case, the claims of the class members arise from the same event (TRC's obtainment of the Plaintiffs' personal information), and give rise to the same legal theory (a violation of the DPPA). The typicality requirement is therefore met.

### 4. *Adequacy of Representation*

The fourth requirement of Rule 23(a) is that the representative plaintiff will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a)(4). In determining adequacy of representation, the Court makes

a two-fold inquiry to determine: 1) whether the class representatives have common interests with members of the class; and 2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel. *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561–62 (8th Cir. 1982). Adequacy is tied to both commonality and typicality. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

■ In this case, the class representatives are alleging the same violation of the DPPA for themselves as they are for the class members generally. Thus, the representatives' interests are common to the class. The Court has no reason to doubt that the class representatives will vigorously prosecute the interests of the class—along with their own interests—through qualified counsel. The class representatives have essentially the same interests as the class, and the representatives' counsel appear experienced in class-action litigation.

Accordingly, the Court finds that the Plaintiffs have met the adequacy-of-representation requirement.

**Requirements of Rule 23(b)**

In addition to meeting the requirements of Rule 23(a), a case must satisfy the requirements of Rule 23(b) to be certified. A case may be certified under Rule 23(b)(1), (b)(2), or (b)(3). *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1029 (8th Cir.2010). Here, the Plaintiffs are seeking certification under Rule 23(b)(1), (b)(2), or, alternatively, (b)(3). The Court finds certification under Rule 23(b)(3) appropriate.

*1.  Rule 23(b)(1)*

Certification under Rule 23(b)(1) is appropriate if individual actions would risk 1) inconsistent adjudications that establish incompatible standards of conduct for the party opposing certification; or 2) individual adjudications that would practically be dispositive of the interests of third parties or would substantially impair third parties' ability to protect their interests. Fed.R.Civ.P. 23(b)(1). Rule 23(b)(1)(A)'s incompatible-standards-of-conduct category is generally

inapplicable where the plaintiff seeks primarily money damages. *Titus v. Burns & McDonnell, Inc. Employee Stock Ownership Plan*, No. 09–00117–cv–w–DGK, 2010 WL 3713666, at *3 (W.D.Mo. Sept. 13, 2010) (quoting *Johnson v. Geico Casualty Co.*, 673 F.Supp.2d 255, 270 (D.Del.2009)). Rule 23(b)(1)(B) typically applies in cases such as "limited fund" cases involving claims made "against a fund insufficient to satisfy all claims." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 614, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997). The Plaintiffs here seek primarily money damages, and not from a limited fund. (ECF No. 1, at 12). Certification under Rule 23(b)(1) is therefore inappropriate.

*2.  Rule 23(b)(2)*

Certification under Rule 23(b)(2) is appropriate if the party opposing certification has acted on grounds that apply generally to the class, so that injunctive relief is appropriate for the whole class. Fed.R.Civ.P. 23(b)(2). "Class certification under Rule 23(b)(2) is proper only when the primary relief sought is declaratory or injunctive." *Avritt*, 615 F.3d at 1035 (quoting *In re St. Jude Med. Inc.*, 425 F.3d 1116, 1121 (8th Cir.2005)). The Plaintiffs here seek primarily money damages, not declaratory or injunctive relief. Certification under Rule 23(b)(2) is therefore inappropriate.

*3.  Rule 23(b)(3)*

Certification under Rule 23(b)(3) can be maintained if: 1) questions of law or fact common to the members of the class predominate over questions affecting only individual members; and 2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b)(3); *Blades v. Monsanto Company*, 400 F.3d 562, 569 (8th Cir.2005). Predominance under 23(b)(3) parallels Rule 23(a)(2) in that both rules require that common questions exist. But the predominance criterion under Rule 23(b)(3) is far more demanding. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623–24, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). This rule "tests whether the proposed classes are sufficiently cohesive

to warrant adjudication by representation." *Id.* at 623, 117 S.Ct. 2231.

To determine if a common question predominates over individual questions, the Court looks to the nature of the evidence necessary to make out a *prima facie* case. *Blades v. Monsanto Co.,* 400 F.3d 562, 566 (8th Cir.2005). If the members of the proposed class need to present evidence that varies from member to member to make a *prima facie* showing on a given question, then it is an individual question. If the same evidence will suffice for each member to make a *prima facie* showing, then it is a common question. *Id.*

 In this case, the same evidence will suffice for each class member to make a *prima facie* case, because the case pertains to one transaction in which a single database was obtained (and each class member's information taken), and, potentially, to periodic updates of that database. *See Wiles v. Locateplus Holdings Corp.,* 2010 WL 3023909, at *3 (W.D.Mo. Aug. 2, 2010) (noting commonality among class's DPPA claims and finding predominance for that reason). Therefore, the predominance requirement is met.

The superiority portion of Rule 23(b)(3) requires "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). In determining whether a class action is the superior method for adjudicating the claims before it, the Court looks at four factors: 1) the class members' interest in individually controlling their separate actions; 2) the extent and nature of existing litigation by class members concerning the same claims; 3) the desirability of concentrating the litigation in the particular forum; 4) and the likely difficulties in the management of a class action. Fed.R.Civ.P. 23(b)(3).

In this case, assuming, as the Court has, that the class counsel is competent, the class members' interest in individually controlling their separate actions is low. The conduct at issue arises from narrow factual circumstances and concerns the same legal question.

Further, the Court is not aware of any existing litigation by class members involving the claims at issue in this case. And while this forum does not strike the Court as plainly better than any other, neither is it worse than other forums. This case does not appear to involve exceptional difficulty in management, and a judicial-efficiency considerations favor certification. *See Roberts v. Source for Pub. Data,* 2009 WL 3837502, at *7 (W.D.Mo. Nov. 17, 2009) (finding certification of DPPA action to be superior to individual actions, because of efficiency concerns). Therefore, the requirements of 23(b)(3) are met.

Based upon the above, the Court finds that the requirements of Rules 23(a) and 23(b)(3) are met. Therefore, the Plaintiffs' Motion for Class Certification (ECF No. 34) should be and hereby is **GRANTED.**