[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13737

_____

D.C. Docket Nos. 8:10-cv-02360-VMC ; 8:90-bk-10016-PMG

In Re: THE CELOTEX CORPORATION,
      CAREY CANADA INC.,

Debtor.

_____

SOUTHERN WESLEYAN UNIVERSITY,
individually and as the representative
for the certified college class,

Plaintiff–Appellant,

versus

ASBESTOS SETTLEMENT TRUST,
FRANK ANDREWS,
SHARON M. MEADOWS,
JAMES W. STEVENS,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 6, 2012)

Before BARKETT and JORDAN, Circuit Judges, and HALL,[*] District Judge.

PER CURIAM:

This appeal arises out of a bankruptcy court proceeding involving the Asbestos Settlement Trust ("Trust"), which was created in bankruptcy court in 1996 to pay asbestos mass tort claims for both bodily injury and property damage against Celotex Corporation and Carey Canada, Inc.  Several educational institutions, including Michigan State University, Prince George's College, Rochester Institute of Technology, The University of Cincinnati, Fairfield University, and Claremont McKenna College (collectively, the "Colleges") filed property damage claims against the Trust.  The claims of the Colleges were denied by the Trust on the grounds that they did not satisfy the legal prerequisites for payment.  The Colleges objected and the Trust sought the bankruptcy court's review, filing for declaratory relief in an adversary proceeding.   Several years later and based on this Court's decision in a related proceeding, Asbestos Settlement Trust v. City of New York (In re Celotex Corp.), 487 F.3d 1320 (11th Cir 2007), the Trust reversed course and agreed to pay the Colleges under a formula approved of in In re Celotex Corp.

---

* Honorable James Randal Hall, United States District Judge for the Southern District of Georgia, sitting by designation.

2

Having paid the Colleges, the Trust moved to dismiss the declaratory relief adversary proceeding. The Colleges, however, objected to the dismissal on two grounds: (1) that the property damage payments were insufficient because they did not include interest at the federal judgment rate and (2) that the Colleges' claim that the Trust breached its fiduciary duty when it initially failed to pay the property damage claims had not been resolved. The bankruptcy court held that the plan governing the Trust did not provide for interest and dismissed the declaratory judgment adversary proceeding,[1] but without prejudice to the Colleges' right to pursue additional claims in a new bankruptcy court proceeding.

The Colleges then sought leave from the bankruptcy court to bring a lawsuit against the Trust in a forum that would provide for a jury trial for any and all claims they may have related to the Trust's alleged wrongful failure to pay their property damage claims. The bankruptcy court concluded that the Colleges could bring such claims but only in the bankruptcy court.[2]

---

[1] The Colleges appealed the bankruptcy court's ruling on the interest rate payment claim, which the district court, see Claremont McKenna College v. Asbestos Settlement Trust (In re Celotex Corp.), No. 08–2343 (M.D.Fla. March 18, 2009), and this Court, see Claremont McKenna College v. Asbestos Settlement Trust (In re Celotex Corp.), 613 F.3d 1318 (11th Cir. 2010), both affirmed.

[2] The Colleges appealed that decision to the district court, which concluded that the bankruptcy court's jurisdictional order was a non-final interlocutory order, which the district court declined to review pursuant to 28 U.S.C. § 158(a). The Colleges appealed the district court's decision to this Court, which we have addressed in our opinion in the separate appeal in Michigan State University, et al v. Asbestos Settlement Trust, No. 10-13641.

Subsequently, another educational institution, Southern Wesleyan University ("SWU"), acting as the representative of the thirty-six members of the "National Universities Class Action,"[3] instituted an adversary proceeding in bankruptcy court, alleging a single claim for breach of fiduciary duty against the Trust by those members of the Class who have disputed property damage claims. The Trust sought dismissal of the Amended Complaint, arguing that SWU lacked standing to bring this action both because (1) SWU's purported status as the class representative of several colleges and universities in a 1992 federal class action against Celotex and other asbestos manufacturers did not provide SWU with standing in this bankruptcy court proceeding and (2) SWU failed to allege that it was a property damage claimant to whom the Trust owed a fiduciary duty.

The bankruptcy court dismissed SWU's Amended Complaint concluding that whether SWU was the class representative in the 1992 federal litigation, SWU had not been recognized in the bankruptcy court as the "class representative" of the National Universities Class Action, particularly regarding the filing of the class property damage claim of the National Universities Class Action. Additionally, the bankruptcy court concluded that SWU lacked standing to represent those members of the Class which have disputed property damage claims because SWU did not allege, nor produce any evidence, that it holds a disputed property damage

---

[3] The Colleges, along with SWU and numerous other colleges and universities, are listed on the Complaint and Amended Complaint in this adversary proceeding.

4

claim.  The district court, sitting in review of the bankruptcy court, affirmed on the same grounds.  SWU now seeks this Court's review of the bankruptcy court's order.

On appeal, SWU concedes that its conditional certification as class representative in the 1992 national class action does not confer standing here, but argues that the bankruptcy court previously recognized it as the class representative of these colleges and universities for this bankruptcy proceeding.  We, however, agree with the bankruptcy court's and district court's conclusion that, whether SWU has previously been acknowledged as the class representative of the "National Universities Class Action" in this bankruptcy proceeding does not necessarily mean that it can act as the class representative in this particular adversary proceeding, which asserts that the Trust violated a fiduciary duty to the six colleges that had disputed property damage claims.  Instead, whether SWU could represent the class of colleges who have disputed property damage claims, SWU must allege that it meets the requirements for class certification, including the requirement that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  See Fed. R. Civ. P. 23(a)(3).  See also Fed. R. Bankr. P. 7023 (requiring the application of Fed. R. Civ. P. 23 to adversary proceedings in bankruptcy).

5

Here, SWU did not allege in its Amended Complaint nor did it produce any evidence in response to the Trust's challenge to SWU's standing, that it had a disputed property damage claim.  Thus, we see no error in the bankruptcy court's conclusion that SWU "does not possess the same interest as members of the National Universities Class Action with Disputed PD Claims, and cannot represent the class members in this breach of trust action."[4]

Accordingly, the bankruptcy court's order dismissing SWU's First Amended and Restated Complaint is AFFIRMED.[5]

---

[4]  Unrelated to its arguments on its Article III standing, SWU separately argues that the bankruptcy court did not have subject matter jurisdiction over this adversary proceeding. Essentially, SWU is challenging the bankruptcy court's order that it has exclusive jurisdiction over the Colleges' breach of fiduciary duty claims against the Trust, which order the bankruptcy court issued in response to the Colleges' motion for leave to pursue such claims in a non-bankruptcy court forum.  See supra n.2.  We, however, need not address this argument because of SWU's lack of standing.

[5] Although the bankruptcy court's dismissal was without prejudice to SWU's filing of a second amended complaint, SWU chose instead to appeal the bankruptcy court's dismissal.  SWU's decision to appeal resulted in a waiver of SWU's right to file another complaint.  See Schurrman v. Motor Vessel Betty K V, 798 F.2d 442, 445 (11th Cir. 1986).