# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2380

_____

David P. Oetting, individually and on behalf of all others similarly situated

*Plaintiff - Appellant*

v.

Glenn A. Norton, as Receiver for Green Jacobson, P.C., et al.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 16, 2015
Filed: August 4, 2015

_____

Before RILEY, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

LOKEN, Circuit Judge.

This is the fourth appeal of district court orders in cases arising out of multi-district litigation transferred to the Eastern District of Missouri in 1999, where it was captioned In re BankAmerica Corp. Securities Litigation, Case No. 4:99-MD-1264. In this appeal, plaintiff and class representative David Oetting appeals the district

court's[1] dismissal of a separate class action he filed on behalf of members of the NationsBank class alleging that class counsel Green Jacobson committed malpractice and breached its fiduciary duty in representing the class. We affirm.

## I. Procedural History

After the merger of NationsBank Corporation and BankAmerica Corporation, shareholders of both companies filed class action lawsuits alleging violations of the federal securities laws. The cases were transferred to the Eastern District of Missouri, where the district court appointed David Oetting as one lead plaintiff of the NationsBank class and the St. Louis law firm of Green Jacobson as lead counsel for the class. The litigation settled, resulting in a $333 million settlement fund for the NationsBank class.[2] We affirmed the district court's approval of the settlement over Oetting's objection that it was inadequate. In re BankAmerica Corp. Sec. Litig., 350 F.3d 747 (8th Cir. 2003); see Koehler v. Brody, 483 F.3d 590, 598-99 (8th Cir. 2007).

On the recommendation of Green Jacobson, the district court appointed Heffler, Radetich & Saitta, LLP (Heffler), as claims administrator to distribute the settlement fund to class member claimants. During the claims process, an employee of Heffler conspired to submit fifteen false claims against the fund, resulting in the payment of $5.87 million that otherwise would have been paid to members of the class. In 2010, the district court denied Green Jacobson's motion for leave to file a supplemental complaint against Heffler to recover this loss. Oetting subsequently

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

[2]This court takes judicial notice of the record in the In re BankAmerica Corp. Securities Litigation, as many of the facts and proceedings are relevant to this action. See Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009) (judicial notice). Accordingly, we grant Appellees' motion to supplement the record on appeal.

filed a separate action against Heffler on behalf of the NationsBank class that was transferred to and is pending in the Eastern District of Pennsylvania.[3]

After two distributions to the NationsBank class in December 2004 and April 2009, some $2.4 million remained in the settlement fund. Green Jacobson moved to have the remaining $2.4 million distributed *cy pres* and requested an additional award of $98,114.34 in attorney's fees for post-settlement work. Oetting opposed the *cy pres* distribution as contrary to class members' interests, opposed the award of additional attorney's fees, and argued that Green Jacobson should disgorge $2 million in fees for abandoning the class. Oetting also filed this separate class action, alleging in four counts that class counsel Green Jacobson and three members of the firm (collectively, "Green Jacobson") (i) committed legal malpractice by negligently hiring and failing to supervise claims administrator Heffler, and (ii) breached its fiduciary duty by taking various actions that constituted abandonment of the NationsBank class. The complaint sought damages for causing the $5.87 million fraud loss to the settlement fund and disgorgement of the entire $60 million in attorneys fees awarded Green Jacobson in the BankAmerica litigation.

In the main action, the district court granted Green Jacobson's motion for a *cy pres* distribution and for a supplemental fee award and denied Oetting's request for disgorgement. In re BankAmerica Corp. Sec. Litig., No. 4:99-MD-1264, 2013 WL 3212514, at *1, *6 (E.D. Mo. June 24, 2013). Oetting appealed. We reversed the *cy pres* award, ordering the district court to allow an additional distribution to the class and then to consider whether a *cy pres* award of any remaining funds would be appropriate. In re BankAmerica Corp. Sec. Litig., 775 F.3d 1060, 1064-67 (8th Cir. 2015). We vacated the supplemental fee award as premature prior to completion of additional distributions that would be made after remand. Id. at 1067-68.

_____

[3]Oetting v. Heffler, Radetich & Saitta, LLP, 2:11-cv-04757-JD (E.D. Pa.).

-3-

In this action, Green Jacobson moved to dismiss the complaint, arguing primarily (i) that Oetting lacked Article III standing because he "never cashed any of the settlement checks sent to him" in the main action, and (ii) the claim for disgorgement is barred by the res judicata and collateral estoppel effects of prior orders in the main action, including the district court's *cy pres* order denying a disgorgement claim and granting Green Jacobson a final award of supplemental attorneys' fees. In his Reply, Oetting argued that his failure to cash prior settlement checks did not exclude him from the class, that the claims of the class certified in the main action survive even if Oetting's claim is moot, and that the district court's *cy pres* order was pending on appeal. In a separate subpart near the end of the Reply, Oetting argued: "If this Court finds that Oetting is not an adequate representative of the putative class, rather than dismiss the case it should then . . . allow for the substitution of a class representative," citing Kremens v. Bartley, 431 U.S. 119, 135 (1977), and two lower court cases from the Ninth Circuit.

The district court granted the motion to dismiss. The court concluded that Oetting lacks Article III standing to assert negligence and malpractice damage claims because he "never cashed his settlement checks, and therefore was not injured by the fact that those checks were slightly smaller than they would have been had defendants hired a different claims administrator." The court held that collateral estoppel precluded the disgorgement and class-abandonment claims the court rejected in its *cy pres* order, noting that the pendency of an appeal from that order did not suspend its preclusive effects "[u]nless and until the Eighth Circuit finds for the plaintiff class on appeal." Oetting moved to alter or amend the district court's dismissal order, noting the court had failed to respond to his request for an opportunity to substitute plaintiffs. The district court denied the motion in part because "no motion for such relief was ever filed." Oetting then filed a second motion to alter or amend in which he moved to join as additional plaintiff another original member of the NationsBank class who had cashed both his settlement checks in the main action. Before the court

ruled on that motion, Oetting filed this appeal from the final judgment and the denial of his first motion to alter or amend.

## II.  Discussion

Without question, as the district court's dismissal order acknowledged, our remand of the *cy pres* order undermined the court's dismissal of Oetting's breach of fiduciary duty/disgorgement claims to the extent the court relied on the collateral estoppel effects of its *cy pres* order.  But we need not address the effects of our remand order if Oetting's lack of personal standing deprived the district court of subject matter jurisdiction over the entire case. So we will begin -- and ultimately end -- with the unusual questions of standing presented by this class action setting.

**A. Personal Standing.**  To satisfy Article III standing requirements and show that a case or controversy exists, a plaintiff has the burden to show that he has suffered some actual or threatened injury that can be traced to the allegedly illegal conduct and that is capable of being redressed.  Keller v. City of Fremont, 719 F.3d 931, 947 (8th Cir. 2013), cert. denied, 134 S. Ct. 2140 (2014).  "The party invoking federal jurisdiction bears the burden of establishing these elements."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  At the pleading stage, Oetting's burden was "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute."  Warth v. Seldin, 422 U.S. 490, 518 (1975).  This requires careful review of Oetting's assertion that the conduct complained of caused him personal injury capable of being redressed.  To meet this requirement, the complaint alleged in relevant part:

> 25. . . .  The class members in this case are the same class members in the [main] Action.

46.  Plaintiff brings this action as a class pursuant to Federal Rules of Civil Procedure, Rule 23.  Plaintiff asserts his claims individually and on behalf of a class of all persons similarly situated, who are defined as all members of the NationsBank class *who have or are to receive a distribution from the Action.*

49. . . . Plaintiff is a member of the class.  The claims of Plaintiff are typical of those of the class.  Plaintiff, as well as the other class members, was a member of the previously certified class.  Plaintiff and all class members filed valid claims with the claims administrator.  *All were or are to be paid on their claims.*

56. . . . Oetting and the class have suffered damage . . . because $5.8 million in which Oetting and the class were to share has been misappropriated.

71. . . . As a result [of Green Jacobson's actions constituting an abandonment of the class], plaintiff and the class have been damaged.

(Emphasis added.)

We do not agree with Green Jacobson and the district court that Oetting was not injured because his only claim is that settlement checks he never cashed were smaller than they would have been absent the conduct complained of.[4]  Oetting and the class seek a new compensatory recovery, not the rewriting of checks he did not cash.  But we agree he lacks personal standing because (i) all the damages and disgorged fees being sought would be recovered into the NationsBank class settlement fund in the main action; (ii) the putative class represented in this case, as defined in the complaint, is a subclass of the NationsBank class, namely, those who "have or are to receive a distribution from" the settlement fund; and (iii) the district

---

[4]The settlement distribution checks included the notation: "Cash promptly, void and subject to re-distribution 180 days after issue date."

court's June 14, 2004, and February 4, 2005, orders in the main action expressly provided that further distributions from the settlement fund would be limited to "Authorized Claimants who have cashed their checks." By defining the class in this case as being those who "have or are to receive" distributions from the settlement fund, Oetting excluded himself from the class. As he alleged no injury other than a loss to his share of the settlement fund -- which became zero when he did not cash his checks -- he failed to allege the elements of Article III standing for a personal claim.

Lacking a personal claim for a share of any money recovered from Green Jacobson for the settlement fund, Oetting is not a member of the class he seeks to represent in this separate action. "It is axiomatic that the lead plaintiff must fit the class definition." Hayes v. Wal-Mart Stores, Inc., 725 F.3d 349, 360 (3d Cir. 2013); see Sosna v. Iowa, 419 U.S. 393, 403 (1975); In re Milk Prods. Antitrust Litig., 195 F.3d 430, 436 (8th Cir. 1999), cert. denied, 529 U.S. 1038 (2000).

**B. Whether the Class Has Standing.** The NationsBank class is a certified class in the main action, and Oetting is a class representative plaintiff. Oetting could have commenced this action on behalf of the entire class by seeking to invoke the district court's ancillary jurisdiction in the main action. See generally Peacock v. Thomas, 516 U.S. 349, 355-56 (1996); 13 Wright, Miller, Cooper & Freer, Federal Practice and Procedure § 3523.2 (3d ed. 2008).[5] Had Oetting proceeded in that manner, his status as class representative would doubtless have provided standing to

---

[5]Oetting did not need to invoke the district court's ancillary jurisdiction because the Class Action Fairness Act provided an independent basis for federal jurisdiction over a separate action. See 28 U.S.C. § 1332(d). Oetting explains that the district court's 2010 denial of Green Jacobson's request to file a supplemental complaint against Heffler was the reason he did not proceed in the main action. But that was a discretionary ruling (exercise of ancillary jurisdiction is nearly always discretionary), not a ruling that would have precluded an attempt to invoke ancillary jurisdiction in this case.

represent the class (assuming he continued to be an adequate representative of the class), despite his failure to cash prior settlement checks. See In re BankAmerica, 775 F.3d at 1062-63 n.1. Moreover, while Article III demands a named plaintiff who has standing at the time a class action complaint is filed, "mootness of the named plaintiff's individual claim *after* a class has been duly certified does not render the action moot." U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980), applying Sosna, 419 U.S. at 402. Oetting argues that these principles, and the monetary injury suffered by the class as a whole as a result of Green Jacobson's wrongdoing, combine to give him standing as a matter of law because "a certified class has an independent legal status."

The difficulty with this contention, as Oetting conceded at oral argument, is that the certified class's "independent status" in the main action did not make it an independent legal entity that may file claims against other parties in a new action, even if the claims arise out of or relate to the main action. Such a new action is itself a class action that must meet the requirements of Rule 23, including the presence of one or more named plaintiffs with Article III standing to sue who meet the requirements of Rule 23(a), and certification of a class that meets the requirements of Rule 23(b) for the claims asserted in the new action. Here, Oetting did not move to certify the class in response to Green Jacobson's motion to dismiss, and his complaint pleaded claims on behalf of a class which is a subclass of the NationsBank class in the main action that may not be easy to define. See Halvorson v. Auto-Owners Ins. Co., 718 F.3d 773, 779 (8th Cir. 2013) ("[A] class cannot be certified if it contains members who lack standing. A class must therefore be defined in such a way that anyone within it would have standing.") (citations omitted). Thus, Oetting's contention that he should not have to engage in the "charade of recertification" is fundamentally inconsistent with Rule 23 principles.

Oetting relies on <u>Martens v. Thomann</u>, 273 F.3d 159, 173-74 n.10 (2d Cir. 2011), where the court noted that the fiduciary duty of a certified class's representatives gave them standing to enforce a settlement agreement. At issue in <u>Martens</u> was a motion to enforce filed in the original class action. Thus, the court's dicta was consistent with our ruling that Oetting had standing to oppose and to appeal the *cy pres* order in the main action. But Oetting's duty to represent the class in the main action does not afford him Article III standing to assert claims against different parties in a new action. <u>See</u> <u>In re Celotex Corp.</u>, 496 F. App'x 3, 5 (11th Cir. 2012) (certified class representative in national class action denied standing to assert class action claims against the settlement trust in a bankruptcy adversary proceeding because it did not personally have the claim asserted on behalf of the putative class).

For these reasons, we conclude that Oetting's status as class representative of the NationsBank class certified in the main action did not, without more, provide either Oetting or the class itself with standing to maintain any of the claims asserted in this separate action.

**C. The Substitution Question.** The normal rule is that, "if a case has only one class representative and that party does not have standing, then the court lacks jurisdiction over the case and it must be dismissed." <u>Hayes</u>, 725 F.3d at 361 n.12 (quotation omitted); <u>see</u> <u>Walters v. Edgar</u>, 163 F.3d 430, 432-33 (7th Cir. 1998), <u>cert. denied</u>, 526 U.S. 1146 (1999). Seeking to avoid this rule, Oetting argues that the district court erred in not acting on his request that the court appoint a substitute named plaintiff if it concluded that Oetting lacked Article III standing to bring these claims. The district court denied Oetting's motion to alter or amend its final order on this ground because "no motion for substitution relief was ever filed." In a procedurally more typical class action, it would clearly *not* be an abuse of the district court's discretion to deny a belated motion or request for substitution on this ground. <u>See</u> <u>In re Milk Prods.</u>, 195 F.3d at 437-38.

Invoking in this very different context the principle that a district court, in approving a class action settlement, "must serve as a guardian of the rights of absent class members," Grunin v. Int'l House of Pancakes, 513 F.2d 114, 123 (8th Cir.), cert. denied, 423 U.S. 864 (1975), Oetting argues the district court had a duty to act on his belated request that a substitute named plaintiff be found. It is true that substitution of plaintiffs is often appropriate when a class representative's claim becomes moot after the class is certified. Indeed, in Kremens, 431 U.S. at 134-35, where a statute enacted after the district court's grant of class action relief mooted the named plaintiffs' claims, and other regulatory changes "fragmented" the "live" claims of unnamed members of the certified class, the Court remanded "for reconsideration of the class definition, exclusion of those whose claims are moot, *and substitution of class representatives with live claims*." (Emphasis added.) But whatever affirmative duty Kremens may impose on a district court when a class has been certified -- an issue on which we express no view -- that duty does not exist prior to certification of the class in a separate action such as this. Here, Oetting was the single named plaintiff in a new class action with ample notice that defendants were asserting lack of standing as a jurisdictional defense. It was incumbent upon Oetting to determine whether substitution might be required and, if so, to timely amend his complaint or seek leave from the district court to do so. The court had no duty to save an uncertified class from Oetting's failure to file a class action complaint within the court's Article III jurisdiction.

## III. Conclusion

For these reasons, we conclude the district court had no jurisdiction over the case and therefore affirm the court's judgment dismissing the complaint.

_____